## Case No. 17,836.

### WILSON v. SINGER MANUF'G CO.

[9 Biss. 173; 4 Ban. & A. 637; 16 O. G. 1091; 12 Chi. Leg. News, 65; 9 N. Y. Wkly. Dig. 338.] [1]

District Court, N. D. Illinois. Nov., 1879.[2]

MARKING ARTICLE AS PATENTED—EXPIRATION OF PATENT.

1. The manufacturer of an article, which has been patented, can affix upon such article the word "Patented" or any other word of similar import, together with the date of the patent, after the patent has expired.

2. Such an article does not come within the meaning of the statute which prohibits the affixing of the word "Patented" upon any "unpatented article."

[Cited in Rosenbach v. Dreyfuss, 2 Fed. 224.]

Walter B. Scates, for plaintiff.
William H. King, for defendant.

BLODGETT, District Judge. This is a qui tam action brought by plaintiff under the last clause of Rev. St. § 4901, tit. "Patents and Copyrights," which reads substantially as follows: "Every person who in any manner marks upon or affixes to any unpatented article the word 'Patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable for every such offense to a penalty of not less than one hundred dollars, with costs, one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by

1 [Reported by Josiah H. Bissell, Esq., and by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission. 9 N. Y. Wkly. Dig. 338, contains only a partial report.]
2 [Affirmed in 12 Fed. 57.]

suit in any district court of the United States, within whose jurisdiction such offense may have been committed."

The declaration contains three counts, to which defendant demurs generally and specially. The first count charges that "on the first day of Nov., 1876, and from time to time from that date hitherto, to-wit: In this district defendant did knowingly, willfully and negligently, and contrary to the statute of the United States in such case made and provided, and for the purpose of deceiving the public, print, mold, cast, stamp, engrave, make or affix upon sliding plates the words or inscription: 'Patented Sept. 10, 1846, May 8, 1849, Nov. 13, 1850, Aug. 4, 1851, Aug. 12, 1851, Apr. 11, 1854, May 30, 1854, Nov. 2, 1854, Dec. 19, 1854, May 29, 1855, Oct. 9, 1855;' and did fix and attach one such plate so marked, engraved or stamped to and upon each of one hundred thousand Singer sewing machines; that the words and figures so as aforesaid placed upon said machines imported that the same were patented; and the plaintiff avers that said machines, on the first day of November, 1876, were not, nor were any of them patented; and plaintiff avers that it was at said last mentioned time well known to said defendant that said articles and each of them were unpatented. Whereby an action hath accrued," etc.

The second count charges that defendant, at the same time and place, did knowingly, etc., and for the purpose of deceiving the public, affix upon each of one hundred thousand other Singer sewing machines the same words and figures mentioned in the first count. "Which words and figures imported that said machines were patented." "And plaintiff avers that said machines, on the first day of November, 1876, were not patented, which defendant well knew," etc.

The third count charges that defendant, at the same time and place, did knowingly, etc., and for the purpose of deceiving the public, affix upon each of one hundred thousand other Singer sewing machines the same words and figures mentioned in the first count, which said words and figures imported that said machines were patented. "And the plaintiff avers that said machines, on said first day of November, 1876, were not patented," which defendant well knew, etc.

It is contended on the part of the defendant that the declaration is defective in not alleging that the machine or some part of it was not patented at the times imported in the words affixed to it.

The question raised by the demurrer is, whether the manufacturer of an article which has been patented can affix upon such article the word "Patented" or any other word of similar import, and the date of the patent after the patent has expired. Is such an article an "unpatented article" within the meaning of this clause of the statute?

Section 4900, makes it the duty of all patentees, their assigns, etc., and of all persons

making or vending a patented article, "to give sufficient notice to the public that the same is patented; either by affixing thereon the word 'Patented' together with the day and year the patent was granted; or when from the character of the article this cannot be done, by fixing to it or to the package wherein one or more of them is enclosed, a label containing a like notice.".

It was conceded by plaintiff's counsel on the argument that defendant had held patents upon sewing machines, issued by the United States at the several dates mentioned in the declaration; but the point made was that because these patents had expired, the defendant had no longer the right to affix to the machine the word "Patented" or any other word or sign importing that it or any part of it was patented or had been patented. This is a highly penal statute, and its scope will not be extended by implication. It must be strictly construed. U. S. v. Wiltberger, 5 Wheat. [18 U. S.] 76; Andrews v. U. S. [Case No. 381].

The law of the United States in force at the several dates inscribed on these machines, limited the life of a patent to 21 years,—that is, 14 years for the original term, and 7 years extension, if an extension is granted. It is clear then that at the time when defendant is charged to have committed this offense, the patents mentioned in the inscription had expired by limitation of law, even if all had been extended so as to remain in force the full 21 years.

The mischief which this statute was intended to punish, can hardly be stated more concisely than in the words of the law itself: "The purpose of deceiving the public," that is, stating falsely that an article is then the subject-matter of a patent. And can it be said that the public is deceived by the notice inscribed upon, or affixed to, a manufactured article, that has been patented, and that the patent has expired? The "public" is presumed to know the law as well as the patentee—to know that a patent issued on the 9th day of October, 1855, had expired on the 1st day of November, 1876. If, therefore, the inscription be true in fact, as it is conceded to have been in this case, I am of opinion that it does not subject the defendant to the penalty of this statute.

It may be valuable information to the public to be told that a machine offered for sale is made in accordance with a patent which has been granted, but which has expired. So that purchasers instead of being deceived, have only desirable or important facts imparted to them, and are able to act more intelligently in dealing with the manufacturer or vendor.

The law makes it the duty of the manufacturer of a patented article, during the time the patent is in force, "to give notice to the public that the same is patented, by fixing thereon the word 'Patented,' with the day and year the patent was granted," and I do not see anything in the spirit of this clause of the law which prevents the manufacturer from continuing to affix such word and date after the expiration of the patent.

This being a highly penal statute, it was the duty of the pleader in making a case under it to negative all presumptions in favor of the innocence of the defendant. 1 Chit. Pl. 221. The allegation is, that "on the first day of November, 1876, said machines were not nor was any part of them patented." The act charged, when construed in the light of the law, in regard to the duration of patents, does not import that they were then patented, or that they are made under any patent in force on the 1st day of November, 1876, but directly the contrary. The legal meaning of the words said in this case to have been affixed to defendant's machines is: "This machine was patented at such a date, but the patent has expired." This is the fair import of the words which defendant is charged with using, and I do not think they make a case within the intent of the law.

I do not deem it necessary to discuss the special causes of demurrer assigned, and which go only to the form of the declaration —those could readily be cured by amendment. The wish expressed by counsel upon the argument was that I should pass upon the merits of the case as stated. Demurrer sustained.

[Final judgment having been entered, plaintiff appealed to the circuit court, where the judgment of this court was affirmed. 12 Fed. 57.]